HERMAN SONKEN, Appellant, v. BOARD OF SUPERVISORS OF LINN COUNTY et al., Appellees.

**TAXATION:** Railway Property—Jurisdiction of Executive Council. The jurisdiction of the executive council to assess property "exclusively used" in the operation of a railway, having once attached, is not ousted by the fact that the railway has passed into the hands of a receiver, and its operations have temporarily suspended; nor will a final order in the receivership proceedings, making the suspension permanent, relate back and nullify a prior assessment by said council.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

JANUARY 11, 1921.

THIS is an action of mandamus, to compel the return of taxes paid under protest, as being illegally exacted. There was a judgment dismissing the petition, and the plaintiff appeals.— *Affirmed.*

*Clifford B. Paul,* for appellant.

*H. K. Lockwood,* for appellees.

EVANS, C. J.—The taxes in question were levied on the railroad property of the Chicago, Anamosa & Northern Railway Company, upon an assessed valuation made by the executive council on the second Monday of July, 1916. The railway was, at that time, in the hands of a receiver, under foreclosure proceedings, and its regular operation had been temporarily suspended. It was finally sold at receiver's sale; on November 28, 1916, to the plaintiff herein, as the highest bidder. Under the terms of the sale and of the bid, the purchaser assumed to pay certain specified liabilities, "including all taxes and assessments against said property remaining·unpaid, whether now due or to become due." The amount of taxes entered against the property upon the aforesaid assessment of the executive council was $1,550. This assessment by the executive council was made

pursuant to Sections 1334 and 1336 of the Code.  The first of such sections provides as follows:

"On the second Monday in July in each year, the executive council shall assess all the property of each railway corporation in the state, excepting the lands, lots and other real estate belonging thereto not used in the operation of any railway * * *."

Section 1336 provides:

"The said property shall be valued at its actual value, and the assessments shall be made upon the taxable value of the entire railway within the state, except as otherwise provided, and shall include the right of way, roadbed bridges, culverts, rolling stock, depots, station grounds, shops, buildings, gravel beds and all other property, real and personal, exclusively used in the operation of such railway."

The contention for the appellant is that, by reason of the suspension of the operation of the road by the receiver, the property of the company was not "exclusively used" for railroad purposes, within the meaning of the statutes above quoted, and that, therefore, the executive council was without jurisdiction to make the assessment for the valuation.  The facts in the case were largely stipulated.  Paragraph 12 of the stipulation was as follows:

"That, during the entire year of 1916, and the early part of 1917, the roadbed, ties, rails, side tracks, depots, stockyards, and terminal facilities were in substantially the same condition as they were during the year 1915, when operation was suspended, in that the same had not been removed, but were in condition so that both freight and passenger trains could have been operated, subject, however, to deterioration, incident to weather and natural causes."

It was also made to appear that the road was actually operated more or less throughout the year 1915, and for a part of the year 1916.  It was operated regularly up to November 20, 1915.  On that date, its operation was temporarily suspended, although it was actually operated more or less thereafter. Under the statute, property of a railway company which is not exclusively used for railway purposes is subject to assessment by the local assessor, and not by the executive council.  On the

other hand, property of the company "exclusively used" for railway purposes is subject to assessment by the executive council, and not by the local assessor. The property under consideration here was either within the jurisdiction of the executive council, for the purpose of assessment, or else its various sections were subject to the jurisdiction of the local assessors in the various townships through which it passed. The position of the appellant is, in effect, that, whenever the operation of a railroad ceases, either temporarily or permanently, its property cannot be said to be "exclusively used" for railroad purposes, and that, therefore, the jurisdiction of the executive council over it ceases. If so, the jurisdiction of the township assessors necessarily attaches. We think that such a construction of the statute would be too narrow, as well as quite impracticable. Whether, in a given case, the jurisdiction of the executive council ceases, and that of the township assessors attaches, ought not to be made a doubtful or a fine-spun question. Any railroad is liable to come into the hands of a receiver. Its financial embarrassment may result in at least temporary suspension of its operation. Will it thereby become instanter within the jurisdictions of a hundred township assessors? We think not. The jurisdiction of the executive council, having once attached, should not be deemed to terminate upon close and doubtful grounds. At the time that the executive council made the assessment in this case, the property assessed by it was the same property which it had always assessed theretofore. It was in the same condition, except for natural and gradual deterioration. It was exclusively used for railroad purposes, in the sense that it was neither used nor suitable for use for anything else. It was actually used for such purpose for a part of the year 1916. The suspension of its operation was professedly temporary. The road was actually capable of some degree of operation all the time, and was liable to be called into operation at any time. The final order of the court making the suspension permanent was entered in November, 1916. Though this order was made to relate back to February, this fact could not have the effect of retroactively ousting the jurisdiction of the executive council.

When it is further considered that the tax was recognized by the receiver as a liability, and was assumed by the purchaser

as a part of his bid, the plaintiff's case is not very persuasive. It is our conclusion that the case was properly decided in the district court, and the judgment below is, therefore,—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.